EFILED 5/9/2025 11:40 AM
CC-20-2025-C-599
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**BRIAR STEWART,**

       **Plaintiff,**

**v.**                                                   **Civil Action Number:**

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION;**
**SERGEANT DANIEL BRILL and**
**CORRECTIONAL OFFICER ANTHONY WARRICK;**
      **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Briar Stewart, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendants, states as follows:

1.      Plaintiff, Briar Stewart (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the North Central Regional Jail (hereinafter "NCRJ") in West Virginia. Plaintiff is currently incarcerated at Huttonsville Correctional Center at the time of filing this complaint.

2.      Defendant, West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state. The WVDCR is variously liable for the conduct of its employees, Defendants Brill and Warrick who were acting within the scope of their employment as described herein for the allegations set forth in Count I of this Complaint

3.      Defendants Sergeant Daniel Brill and CO Anthony Warrick were employed by the WVDCR as a correctional officers at NCRJ and used unwarranted and excessive force against the

Plaintiff. Defendants Brill and Warrick were acting under the color of state law at all times relevant herein.

4.     The reckless, willful and intentional acts and omissions of the Defendants directly resulted in Plaintiff being injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein.  Plaintiff is not asserting a 42 U.S.C. § 1983 claim against the WVDCR, nor is he asserting a claim for punitive damages against the state agency. Defendants Brill and Warrick are being sued in their individual capacity.

5.     All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7.     At all times relevant herein, Plaintiff was an inmate at NCRJ.

8.     On or about May 13, 2023, Plaintiff was being escorted down the hall at NCRJ. While Plaintiff was walking down the hall, Defendant Brill sprayed Plaintiff in his face with O.C. spray for no reason. At the time Defendant Brill sprayed Plaintiff, Plaintiff was not a threat to himself, Defendant Brill, or anyone else. Plaintiff was compliant with all orders and there was no justification for spraying Plaintiff with O.C. spray. As a result of the use of O.C. spray, Plaintiff suffered serious physical injury, including but not limited to shortness of breath and burning of his skin. This incident was caught on camera and it is clear that Plaintiff was sprayed for no justifiable reason while he was walking down the hall.

9.     After Plaintiff was sprayed, he was handcuffed and placed into a temporary holding cage. While Plaintiff was handcuffed inside of the holding cage, he was sprayed with O.C. spray

again by Defendant Warrick and Defendant Brill. Again, Plaintiff was compliant with all orders and there was no justification for spraying Plaintiff with O.C. spray. Plaintiff was handcuffed and locked inside of a temporary holding cage at the time he was sprayed. As a result of the use of O.C. spray, Plaintiff suffered serious physical injury, including but not limited to shortness of breath and burning of his skin.

10.    After Plaintiff was sprayed by both Defendants, Plaintiff was not properly decontaminated. Plaintiff was left sitting in the temporary holding cage for hours before he was decontaminated. Plaintiff told correctional officers that he could not breathe. In response he was told he would have to sit there and think about this for a while.

11.    Prior to this incident, Plaintiff was scheduled to be released to attend his brother's funeral. Because of the Defendants spraying Plaintiff and then making up false incident reports to cover their conduct, Plaintiff was not allowed to leave the facility to attend his brother's funeral. Because of the Defendants' conduct, Plaintiff was unable to attend his brother's funeral.

12.    Defendants' conduct, carried out under the color of state law, violated WVDCR's policy and procedure which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants and at no time did plaintiff threaten the defendants.

13.    The reckless, willful and intentional acts of the Defendants directly resulted in the Plaintiff suffering both physical injury and severe emotional distress. Plaintiff suffered and continues to suffer severe emotional distress.

## COUNT I - <u>OUTRAGEOUS CONDUCT</u>

14.    Plaintiff realleges and incorporates the allegations of the previous paragraphs as if fully set forth herein.

15.    Defendant Brill and Warrick's conduct as described herein was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity as a result of Defendants Brill and Warrick carrying out their duties.

16.    Defendants Brill and Warrick knew that such conduct was reasonably certain to cause severe emotional distress as well as physical harm.  Despite said knowledge, Defendants conducted themselves in an outrageous manner when he sprayed Plaintiff with O.C. spray as previously described when plaintiff posed no threat of harm to the officers, others, or himself. Defendants' conduct was an excessive use of force and amounts to cruel and unusual punishment.  Defendants' conduct was done while they were working as correctional officers at their place of employment, NCRJ.

17.    As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to, shortness of breath and burning of his skin.  Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT II - VIOLATION OF 42 USC §1983/EXCESSIVE
## FORCE/CRUEL AND UNUSUAL PUNISHMENT

18.    Plaintiff realleges and incorporates the allegations of the previous paragraphs as if fully set forth herein.

19.    Defendants Brill and Warrick, while acting under the color of state law, violated Plaintiff's Eighth Amendment rights against cruel and unusual punishment/excessive force/torture.

20.    The individual defendants violated Plaintiff's federal constitutional rights, as described and identified herein, by spraying Plaintiff with OC spray when Plaintiff was compliant and not a threat to himself, the defendant, or others.

21.    Defendants Brill and Warrick used unnecessary and excessive force against Plaintiff when they sprayed plaintiff with OC when plaintiff did not pose a threat to himself or others. This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia.  The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America.  Defendants' conduct was unnecessary and excessive and is cruel and unusual punishment. Defendant's use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

22.    The actions taken by the Defendants as described herein were in violation of clearly established law as well as defendants' own policies and procedures.

23.    The Eighth Amendment to the United States Constitution forbids cruel and unusual punishment and prohibits the use of excessive force or the use of force that is unnecessary, unjustified, or applied with malicious and sadistic intent for the purpose of punishment and to cause harm.

24.     The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity.  Defendants Brill and Warrick's conduct was cruel and unusual punishment.  This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional violation of an inmate's rights.

25.     The conduct of the Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth Amendment.  Further, the Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. The Defendants would have known that their conduct was a violation of Plaintiff's Eighth Amendment rights as a result of their training.

26.     As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to, shortness of breath and burning of his skin. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT III - VICARIOUS LIABILITY

27.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 17 as if fully set forth herein.

28.     Defendant WVDCR is variously liable for the conduct of its employees, Defendants Brill and Warrick, who were acting within the scope of their employment as described herein for the allegations set forth in Count I of this Complaint.

29.     The actions of the defendant correctional officers occurred while they were working for the WVDCR. Defendants Brill and Warrick were acting within the scope of their employment during the events described herein for the allegations set forth in Count I of this Complaint.

30.     "An employer may be liable for the conduct of an employee, even if the specific conduct is unauthorized or contrary to express orders, so long as the employee is acting within the general scope of his authority and for the benefit of the employer." *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 269, 281, 504 S.E.2d 419, 431 (W.Va. 1998); *See also Crawford v. McDonald,* No. 21-0732 (W.Va. Mar. 31, 2023). Plaintiff asserts that the Defendants' conduct was within the scope of their authority and for the employer's benefit.

31.     As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to, shortness of breath and burning of his skin. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the individual defendants as well as attorney's fees and costs. Defendant WVDCR is vicariously liable for Defendant Brill and Warrick's conduct because they were acting within the general scope of their employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages (against the individual defendants only), court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff does not seek punitive damages from the WVDCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

BRIAR STEWART,
By Counsel,


/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329