**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRIAR STEWART,

        Plaintiff,

v.                                        CIVIL ACTION NO.  2:25-cv-00457

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion to File Video Exhibits Under Seal. [ECF No. 41]. Plaintiff moves to seal exhibits to his Motion for Summary Judgment "[i]n an effort to comply with the . . . protective order" previously entered in this matter. [ECF No. 41, at 1]; *see also* [ECF No. 21]. Plaintiff explains that, because the subject videos exhibits were produced by Defendants and "marked as confidential pursuant to the protective order," he believes he is required to seek leave of court and allow the court "to perform an independent evaluation regarding the propriety of filing the video under seal." [ECF No. 41, at 2].

Plaintiff further represents that, pursuant to the Protective Order, [ECF No. 21], he requested that Defendants agree to permit filing of the videos without sealing. [ECF No. 41, at 1–2]. According to Plaintiff, counsel for the West Virginia Division of Corrections and Rehabilitation ("WVDCR") objected, writing that "[n]ot filing videos under seal, in particular, could potentially allow someone access to the video and the layout of the jail." *Id.*

The Protective Order to which Plaintiff refers provides:

> If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g.*, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

[ECF No. 21, at 5]. The Protective Order also cites West Virginia Code section 15A-4-8a, and

states:

> Pursuant to W. Va. Code §15A-4-8a, which designates facility video and security records confidential, this Court Orders that the contents of any correctional facility video, incident report, 4 investigation report, or other materials related to the safe and secure management of inmates and residents that are protected from disclosure by that statute, but that are otherwise discoverable in this civil action, are directed to be disclosed in discovery subject to this Protective Order which limits disclosure or publication of the records to purposes necessary to this proceeding, and which prohibits the misuse and reproduction of such records. The confidentiality provisions of W. Va. Code §15A-4 8a shall extend to any person receiving such records and they may not be used for any unauthorized purpose.

*Id.* at 4–5.

West Virginia Code section 15A-4-8a provides, inter alia, that records from the Division

of Corrections will generally not be made public, but that they may be disclosed:

> Pursuant to a lawful order of a court of record or an administrative tribunal for use in a civil, criminal, or administrative matter: *Provided*, That the order shall contain a provision limiting disclosure or publication of the records to purposes necessary to the proceeding and prohibiting its unauthorized use and reproduction.

2

W. Va. Code § 15A-4-8a(c)(4) (emphasis in original). "This does not stand for the proposition that a court will wholesale seal any documents from the Division of Corrections and does not create a compelling government interest that precludes or automatically passes a First Amendment right to access balancing test." *Gifford v. Dennis*, No. 2:23-cv-00332, 2024 WL 1895104, at * 2 (S.D. W. Va. Apr. 30, 2024) (Copenhaver, J.). Rather, this section does no more than establish that Division of Corrections materials are generally confidential unless a court orders their disclosure, and that any such disclosure must be limited to necessary purposes.

Regarding sealed documents, Rule 26.4 of this District's Local Rules of Civil Procedure provides that the rule requiring public inspection of court documents "may be abrogated only in exceptional circumstances." LR Civ P 26.4(c)(1). Accordingly, motions to seal must be accompanied by a memorandum of law identifying

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

LR Civ P 26.4(c)(2).

Beyond his failure to abide the directive of the Local Rules, Plaintiff appears to "incorrectly equate[] the standard for protective orders, which are intended to facilitate pretrial discovery, with that of judicial orders to seal, which contravene the public's right to access court documents and accordingly demand a greater showing of need." *Hurley v. Averitt Exp., Inc.*, No. 2:11-cv-0624, 2012 WL 4609131, *1 (S.D.W. Va. Oct. 2, 2012) (citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 254 (4th Cir. 1988) ("The reasons for granting a protective order to facilitate pre-trial

3

discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents.")).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The Fourth Circuit has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

Regarding the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Id.* at 576 (quoting *Stone*, 855 F.2d at 182). In determining whether to seal documents, "the court should consider less

4

restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

Plaintiff has not made the requisite showing for his motion to seal. Although the videos were designated confidential under the Protective Order, that designation alone does not establish that sealing is warranted once the materials become part of the judicial record. The party seeking continued sealing must demonstrate why sealing is necessary and why less restrictive alternatives, such as redaction or filing a limited version of the video, would not adequately protect any legitimate concerns. While the Protective Order protects material exchanged during discovery, it does not create additional protections for documents once they are proffered in support of a summary judgment motion. Such continued confidentiality must still outweigh the public's right to access and "interest in knowing what is being presented to the court for adjudication and, ultimately, the court's reasons for its decisions." *Gifford*, 2024 WL 1895104, at * 3.

Though the reasons advanced in the present motion fall well short of justifying sealing, I note that the subject video exhibits may implicate legitimate privacy or security interests belonging to Defendants. Thus, it is in the interest of justice that any relevant party be permitted to seek to make the required showing in a further sealing request. Accordingly, Plaintiff's Motion to Seal, [**ECF No. 41**], is **DENIED WITHOUT PREJUDICE**. It is further **ORDERED** that the subject exhibits remain **provisionally sealed** in the event any party desires to make the necessary showing to support a sealing order. Any revised sealing requests must be made **on or before August 10, 2026**. In the event such a showing is not made by that date or otherwise deemed inadequate, the exhibits will be ordered unsealed.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: July 27, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6